# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2017

Lyle W. Cayce
Clerk

No. 16-60372
Summary Calendar

ANIL KUMAR,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 947 849

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Anil Kumar petitions this court for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the Immigration Judge (IJ) denying him asylum, withholding of removal, and Convention Against Torture (CAT) relief. Because the BIA relied upon the IJ's decision, this court reviews both the IJ's decision and the order of the BIA. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60372

Kumar does not brief the BIA's denial of CAT relief, and he has therefore abandoned the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). We lack jurisdiction to consider Kumar's challenge to the dismissal of his asylum application as time barred since his argument is based upon factual, rather than legal, grounds. *See Zhu v. Gonzales*, 493 F.3d 588, 594-96 (5th Cir. 2007).

We review the denial of withholding of removal under the substantial evidence standard. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). We "may not reverse the BIA's factual findings unless the evidence compels it." *Wang*, 596 F.3d at 536-37. Kumar "must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537.

To qualify for withholding of removal, an applicant "must demonstrate a clear probability of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks and citation omitted). A showing of past persecution gives rise to a rebuttable presumption that the applicant's life or freedom will be threatened in the future. 8 C.F.R. § 208.16(b)(1)(i). Kumar fails to show that the evidence compels a finding that he suffered past persecution. *See Eduard v. Ashcroft*, 379 F.3d 182,187-88 (5th Cir. 2004) (holding that petitioner who had suffered verbal threats and had sustained injury on one occasion failed to establish past persecution); *Abdel-Masieh v. United States INS*, 73 F.3d 579, 583-84 (5th Cir. 1996) (upholding BIA finding that two arrests, two detentions, and beatings not characterized as severe did not rise to level of past persecution). As Kumar relies almost exclusively on his evidence of past persecution to establish his entitlement to withholding of removal, he fails to show that the BIA's denial was not based upon substantial evidence. *See Efe*, 293 F.3d at 906.

The petition for review is DENIED.